UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BRUCE DAMON DUNCAN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-273 |
| | § | |
| JIM KAELIN, | § | |
| | § | |
| Defendant. | § | |

## ORDER DISMISSING CASE AND
## VACATING FILING FEE AND COLLECTION ORDER

In this civil rights action, Plaintiff Bruce Damon Duncan, an inmate currently confined at the Nueces County Jail, claims that his federal constitutional rights have been violated by the Jail staff's failure to timely collect his outgoing mail, thus hindering his ability to communicate with his family, lawyer, and friends. (D.E. 1).

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. *Ruiz v. United States,* 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), *cert. denied*, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and his allegations

must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

Applying these standards, Plaintiff's claims are dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). However, despite the fact that Plaintiff's allegations fail to state cognizable constitutional violations, the Court finds that Plaintiff should not be penalized for bringing this lawsuit or required to pay the filing fee. Therefore, the Initial Partial Filing Fee and Collection Order (D.E. 10) is VACATED, and this dismissal will not count as a strike for purposes of 28 U.S.C. § 1915(g).

## I.      Jurisdiction.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. Upon consent of the Plaintiff (D.E. 5, 12), this case was referred to the undersigned United States magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 13). *See* 28 U.S.C. § 636(c).

## II.     Background facts and Plaintiff's allegations.

Plaintiff is a prisoner in the Nueces County Jail. He filed his original complaint on August 26, 2013, and named as the single defendant, Jim Kaelin, the Sheriff of the Nueces County Jail. (D.E. 1, p 3).

On October 9, 2013, a *Spears*[1] hearing was conducted.  The following allegations were made in Plaintiff's original complaint (D.E. 1), addendum to complaint (D.E. 8), or at the hearing:

Since arriving at the jail, Plaintiff has had problems with his outgoing mail.  For example, in August 2013, his outgoing mail was not collected on August 12, 19, and 21, 2013.  (D.E. 1 at 4).  Plaintiff has filed grievances with the Jail, pointing out that, as a citizen of the United States, he has a right to use the mail system to communicate with his family, lawyer, and friends, and that the Jail's failure to collect the mail on a regular basis is preventing him from exercising this right.  *Id.*  Plaintiff contends that the mail needs to be picked up at night, in order to get to the Post Office by the next morning, but the Jail staff gathers the mail at 2:30 P.M., effectively losing a day of travel time.  (D.E. 8).   For relief, Plaintiff requests that a new Mail Clerk be appointed, and that Sheriff Kaelin be reprimanded for "letting this grave injustice" occur and continue.  (D.E. 1 at 4).  In addition, he wants assurances that the mail will be delivered in a timely fashion every day that is not a federal holiday.  *Id.*

## III.    DISCUSSION.

### A.    Legal standard.

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985*); see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

be granted.  42 U.S.C. § 1997e(c)(2).  "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).  The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  *Id.*

## B.    Plaintiff's allegations fail to state cognizable constitutional claims.

Plaintiff complains that his outgoing mail is not regularly collected by the Jail staff, hindering his ability to communicate with the free world.

The Fifth Circuit has held that prison practices or restrictions concerning prison mail implicate two distinct but intertwined constitutional rights: (1) the right of access to the courts, which the Supreme Court has indicated lies in both the Due Process Clause and the First Amendment, *Wolff v. McDonnell*, 418 U.S. 539, 575-76 (1974); and (2) the right to freedom of speech guaranteed by the First Amendment. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993); *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993).  Specifically, the right of access to the courts is implicated only when the mail in question is legal in nature, while the right to free speech is relevant to claims involving both legal and non-legal mail.

Regardless of what rights are implicated, however, it is clear that prisoners' constitutional rights with respect to mail are not absolute. A prison practice or regulation may permissibly interfere with an inmate's mail, including his legal mail, if the practice is "reasonably related to a legitimate penological interest."  *Brewer*, 3 F.3d at 824 (noting that reasonableness standard applies to challenges to regulations as well as to actions taken by a prison official).

To the extent Plaintiff is complaining that the alleged delay of his outgoing mail has interfered with his right of access to the courts, Plaintiff must demonstrate actual injury.  *Lewis v. Casey*, 518 U.S. 343, 356-60 (1996) (noting that the right of access to the courts does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *See also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (the right provides a reasonable opportunity to file non-frivolous legal claims challenging convictions or conditions of confinement).  Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts. *Lewis*, 518 U.S. at 349.

To meet the standing requirement, Plaintiff "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984).  Plaintiff "must establish that he has a personal stake in the alleged dispute and that the alleged injury suffered is particularized as to him." *Id.* at 819.  In

particular, to succeed on a claim of denial of access to courts, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *See Lewis*, 518 U.S. at 356.

Plaintiff testified that he arrived at the Jail on July 22, 2013, and since that time, his outgoing mail was not collected on four dates. However, Plaintiff admitted that, despite any alleged delays in the mail pickup, he has not suffered any prejudice in any pending legal action. To the contrary, he testified that he has been able to meet with his criminal defense counsel and to communicate with him effectively and timely. In addition, he has been able to file pleadings and communicate with the Court in this civil action. Indeed, at the evidentiary hearing, Plaintiff stated that mail conditions had improved. Thus, taking Plaintiff's allegations as true, he fails to establish a cognizable claim for denial of access to the courts.

Similarly, Plaintiff's allegations fail to state a cognizable claim for violation of his free speech rights. Plaintiff does not suggest that his outgoing mail is not collected and sent out, but instead, only a delay in the pickup of his outgoing mail on four occasions over a 3-month time period. The courts have repeatedly held that mere delay in the delivery of even essential services to prisoners does not rise to the level of a constitutional violation. *See e.g. Richardson v. McDonnell*, 841 F.2d 120, 121-22 (5th Cir. 1988) (delay in processing a prisoner's mail will not offend the Constitution if the prisoner cannot show that the delay resulted in legal prejudice); *Walker*, 4 F.3d at 412 (to state a claim, plaintiff must allege that his position as a litigant was prejudiced by mail tampering). Indeed, in the free world, short delays in mail delivery are common

occurrences.  Thus, the alleged delay in sending outgoing mail does not state a First Amendment violation because Plaintiff was not deprived of sending mail or delivery of the same for any extended period of time.

## IV.    Conclusion.

Plaintiff's allegations, construed liberally and in the context most favorable to him, fail to state cognizable constitutional violations. However, recognizing Plaintiff's frustration at the time he filed suit, it is decided that Plaintiff should not be required to pay the filing fee and therefore, the **Initial Partial Filing Fee and Collection Order (D.E. 10) is VACATED**.  Finally, this dismissal shall ***not*** be characterized as a strike. *See* 28 U.S.C. § 1915(g).

The Clerk of Court is ORDERED to send a copy of this Order to ***Maria Medrano, Nueces County Sheriff's Administrative Assistant, P.O. Box 1529, Corpus Christi, TX 78403***.  The Nueces County Sheriff's Department is directed to cease/terminate the collection of the filing fee in this case from the Plaintiff's inmate account.

ORDERED this 23rd day of January, 2014.

Jason B. Libby
United States Magistrate Judge